## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CASE NO.: 3:23-cv-00623-VDO

KRISTIE MASUCCI,

    Plaintiff,

v.

UNITED STATES OF AMERICA, [1]

    Defendants.

_____/        December 4, 2023

## <u>AMENDED COMPLAINT</u>

Plaintiff, Kristie Masucci, by and through undersigned counsel, sues the United States of America, Diane Easter, Warden of Federal Correction Institute Danbury ("Warden"), Robert Thomas Greene, J.R, M.D. ("Dr. Greene"), and Michael D. Carvajal, former Director of the United States Bureau of Prisons ("BOP"), and alleges the following:

### JURISDICTION

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendants acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under

---

[1] This complaint is filed pursuant to Rule 15(a)(1)(B) and the only changes made are to withdraw Counts I and X, to which the United States filed a Rule 12 motion. Accordingly, the United States is the only remaining defendant. The complaint remains the same in all other respects.

the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

2. This Court further has jurisdiction over these claims pursuant to the Eighth Amendment to the United States Constitution, and is brought under the authority of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and *Estelle v. Gamble*, 429 U.S. 97 (1976), for the deliberate indifference to Plaintiff's serious medical needs, cruel and unusual terms of Plaintiff's confinement during the COVID-19 pandemic, and the sexual assault of Plaintiff by Defendant, Dr. Greene.

3. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, et. seq.

4. Pursuant to the FTCA, 28 U.S.C. § 2671, et. seq., on or about May 24, 2022, Plaintiff presented her claim to the appropriate federal agency for administrative settlement requesting $5,000,000.00 or more. On or about November 24, 2022, the appropriate federal agency needed to respond to Plaintiff's claim by either offering to settle or formally denying the claim. The appropriate federal agency has yet to respond to Plaintiff's claim and the period to respond has expired. This lawsuit was then timely filed.

5. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of the expiration date by when the federal agency must have responded to Plaintiff's claim.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

7.      At all times material hereto, Plaintiff, Kristie Masucci, was an inmate in the custody of the Federal Bureau of Prisons ("BOP"), an agency of the Defendant, United States of America ("USA").

8.      At all times material hereto, Plaintiff was an inmate in the custody of the BOP and was assigned to the United States Penitentiary Federal Correction Institution Danbury ("FCI Danbury"), located in Danbury, Connecticut, a correctional facility owned and operated by Defendant, USA.

9.      At all times material hereto, FCI Danbury housed both male and female inmates.

10.      Defendant, USA, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, USA, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

11.      At all times material hereto, Defendant, USA was responsible for the correct and prompt response to the health care needs of inmates in its custody.

12.      At all times material hereto, Plaintiff was an inmate subject to the custody and control of the Defendant, USA and subject to the care and treatment of the Defendant, USA for any and all medical evaluation and treatment.

13.      At all times material hereto, if Plaintiff required medical evaluation or treatment, her only avenue was to rely on the medical evaluation and treatment provided by the Defendant, USA.

14.      Upon information and belief, at all times material hereto, Defendant Diane Easter was the Warden of FCI Danbury. At all times Plaintiff was incarcerated at FCI Danbury, Defendant

3

Diane Easter was the warden of FCI Danbury.

15. Upon information and belief, at all times material hereto, Defendant, Michael D. Carvajal was the Director of the Federal Bureau of Prisons. From February 25, 2020 through the conclusion of Plaintiff's incarceration, Defendant Michael D. Carvajal was the Director of the Federal Bureau of Prisons.

**FACTS**

16. This is an action for damages.

17. At all times material hereto, Defendants, personally or through an agent owned, managed, maintained, and/or controlled FCI Danbury, and employed and controlled corrections officers, staff members, and medical providers at FCI Danbury, including Defendant Dr. Greene.

18. Plaintiff has served and completed her 24-month term of imprisonment under the jurisdiction of the BOP as a result of her conviction on a charge of Conspiracy to Commit Healthcare Fraud.

19. Plaintiff began her term of imprisonment on January 2, 2020 and was released from prison on September 14, 2021.

**Plaintiff's Pre-Incarceration Mental Health Condition**

20. Plaintiff suffers from a recognized and diagnosed psychological disease of anxiety for which she receives medication. Plaintiff had been diagnosed with anxiety before she began her term of incarceration.

21. Plaintiff has been under the care of highly qualified and credentialed psychiatrists her entire adult life.

22. The conditions at FCI Danbury described below exacerbated Plaintiff's anxiety.

**COVID-19 Conditions and Lack of Precautions**

23.     On April 3, 2020, U.S. Attorney General William Barr issued a Memorandum ordering the administration at FCI Danbury to release inmates to home confinement.

24.     On May 12, 2020, U.S. District Judge Michael Shae issued an order requiring FCI Danbury administration to identify medically vulnerable inmates which may be released to home confinement. *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411 (D. Conn. 2020).

25.     Had FCI Danbury diligently complied with this order, Plaintiff would have been identified as an at-risk inmate eligible for home confinement. However, by June 3, 2020, no precautions were taken to protect Plaintiff whatsoever.

26.     During this time, FCI Danbury failed to have adequate measures in place to properly isolate, treat inmates testing positive for COVID-19 and/or exhibiting symptoms, and failed to protect inmates from the perils of the COVID-19 virus.

27.     FCI Danbury failed to identify Plaintiff as an at-risk inmate which placed her at a higher risk of contracting COVID-19.

28.     FCI Danbury's layout is organized in a way that created an urgent need for social distancing which remained unaddressed at the time Plaintiff contracted COVID-19.

29.     At all times material hereto, FCI Danbury was the site of one of the worst COVID-19 outbreaks at BOP facilities.

30.     FCI Danbury failed to enact adequate emergency plans during the COVID-19 pandemic and left Plaintiff exposed to infection, severe illness, and death due to COVID-19. The conditions of confinement were such that inmates could not practice social distancing. During this time, FCI Danbury was reaching its capacity for housing inmates.

31.     On or about June 3, 2020, the medical staff at FCI Danbury advised Plaintiff she

5

was positive for COVID-19.

32. Following her COVID-19 diagnosis, FCI Danbury transported Plaintiff to the men's detention facility.

33. FCI Danbury housed Plaintiff in solitary confinement beginning on June 3, 2020, through June 20, 2020.

34. Inmates, including Plaintiff, were forced into unconstitutionally dangerous conditions, and were forced to remain in isolation as a result of poor planning on the part of FCI Danbury.

35. Instead of being released pursuant to AG Barr's Memorandum and Judge Shea's order, she was detained subjected to dire conditions by being forced into solitary confinement for two (2) weeks.

36. During this confinement, Plaintiff was not seen by a doctor, no one took her temperature, suffered freezing temperatures, and was not permitted to shower for two (2) weeks, among a number of unconstitutionally dangerous conditions. FCI Danbury also refused to give Plaintiff her anxiety medication while Plaintiff was isolated.

37. During her isolation, Plaintiff was prohibited from contacting her friends or family.

**Sexual Assault**

38. Also, while an inmate in the custody of FCI Danbury, Plaintiff was subjected to sexual assault at the hands of the only OB/GYN on staff at FCI Danbury.

39. Specifically, on an unknown date, Defendant, DR. ROBERT GREENE ("GREENE") sexually assaulted Plaintiff during a routine gynecological exam.

40. The protocol for gynecological exams conducted by a male doctor is that a female nurse remains inside the patient room or stands in view of the exam to witness the exam conducted

by the male doctor.

41. This procedure was not followed at FCI Danbury. A female nurse stood on the outside of a privacy curtain and did not view the exam conducted by GREENE. GREENE took advantage of this privacy and violated Plaintiff while she was at her most vulnerable.

42. At this time, GREENE was the sole ON/GYN at FCI Danbury.

43. FCI Danbury failed to follow proper protocols regarding gynecological exams and failed to supervise GREENE to ensure the safety of female patients.

44. All conditions precedent have been satisfied or waived.

**COUNT II**
**Negligence**
**(United States of America)**

45. Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 – 44 above.

46. At all times relevant hereto, Defendant USA is liable for their own negligent acts and are vicariously liable for the negligent acts of its Board of Directors, officers, agents, members, homeowners, apparent agents, employees or servants, acting within the course and scope of their service, office, agency, apparent agency, employment or servitude including, but not limited to, all administrators, security officers, and corrections officers.

47. At all times relevant hereto, Defendant USA owed Plaintiff the duty to maintain FCI Danbury in a reasonably safe condition, implement security measures that would protect Plaintiff, follow COVID-19 administrative guidance and precautions,

48. Notwithstanding these duties owed, Defendant USA breached or failed to perform these duties owed under circumstances which were known or reasonably should have been known to likely result in injury to residents including, but not limited to Plaintiff, by:

7

a.    Failing to maintain FCI Danbury in a reasonably safe condition;

b.    Failing to follow COVID-19 protocols;

c.    Forcing Plaintiff into solitary confinement for two weeks without medical treatment;

d.    Refusing to give Plaintiff her prescribed anxiety medication;

e.    Failing to enforce security measures and protocols to protect Plaintiff from sexual assault.

49.    As the direct and proximate result of Defendants' and their employees' negligence, Plaintiff has suffered pain, mental anguish, bodily injury, and permanent disability, and will continue to suffer pain, mental anguish, bodily injury, and permanent disability in the future, and Defendant USA is therefore liable to Plaintiff under FTCA.

**COUNT III**
**Sexual Assault & Vicarious Liability**
**(Against USA for actions of Dr. GREENE)**

50.    Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 – 57 above.

51.    This cause of action is brought against USA for vicarious liability for the sexual assault of Plaintiff by GREENE.

52.    At all times material, Defendant USA owed the Plaintiff a duty to exercise reasonable and ordinary care to provide safe and effective medical treatment.

53.    Defendants breached their duty of reasonable care and Plaintiff's injuries are due to the fault and Negligence of Defendants as follows:

a. Failing to provide a reasonable number of experienced and trained security officers, supervisors, and guards at FCI Danbury and/or otherwise provide adequate security

8

to its female inmates;

b. Failing to install security cameras in the medical wing of FCI Danbury in the area where patients are treated, which are monitored by security personnel, which could serve as a deterrent to incidents of sexual harassment and/or assault or permit FCI Danbury to respond to such incidents;

c. Failing to provide adequate training, instruction, and supervision of administrators, corrections officers, medical personnel and/or staff members;

d. Failing to maintain and enforce reasonable rules and regulations regarding preventing sexual harassment and/or assault;

e. Failing to implement and promulgate adequate policies and/or rules regulating male physicians observing or treating female inmates;

f. Negligently hiring, selecting and retaining medical personnel including but not limited to Defendant Dr. Greene with dangerous propensities;

g. Failing to adequately investigate prior and subsequent incidents and injuries where inmates have been sexually harassed and/or sexually assaulted and/or battered FCI Danbury, and other detention centers of facilities supervised by Defendant Department of Corrections or Defendant Bureau of Prisons;

h. Ignoring prior complaints of sexual harassment and sexual assaults at FCI Danbury and failing to implement a system of protecting female inmates;

i. Ignoring prior complaints of sexual harassment and sexual assaults by Defendant Dr. Greene and failing to implement a system of protecting female inmates;

j. Failing to respond reasonably to incidents of sexual harassment and/or sexual assault and/or sexual battery;

k.  Requiring Plaintiff to be housed at FCI Danbury under hostile conditions;

l.  Failing to provide prompt, adequate, and complete medical care which aggravated Plaintiff's injuries and caused Plaintiff to experience additional pain and suffering and disability.

54. All Defendants knew of the forgoing conditions which caused the Plaintiff's harm and did not correct them, or the conditions existed for a sufficient length of time so that all Defendants, in the exercise of reasonable care should have learned of them and corrected them.

55. As a direct and proximate result of all Defendants' breach of the foregoing legal duties and negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, aggravation of previously existing conditions, and medical expenses. These losses and injuries are either permanent or continuing and Plaintiff will suffer these losses and injuries in the future.

**COUNT IV**
**Negligent Supervision**
**(Against USA)**

70. Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 – 63 above.

71. At all times material hereto, Defendant USA, by and though its employees, agents or servants, owed a duty of reasonable care to Plaintiff while she was an inmate in the custody of FCI Danbury.

72. At all times material hereto, Defendant USA knew or should have known of the danger posed by negligently failing to properly supervise Defendant GREENE during gynecological exams outside the presence of another female nurse or staffer.

73. At all times material hereto, Defendant USA, by and though its employees, agents

or servants breached their duties to Plaintiff and negligently failed to adequately supervise Defendant GREENE while he conducted gynecological exams outside the presence of another female nurse or staffer.

74. The specific negligent acts of all Defendants, consist of one or more of the following:

a. Failing to monitor or supervise GREENE while he conducted gynecological exams outside the presence of another female nurse or staffer;

b. Failing to establish adequate policies and procedures for the safety and supervision of inmates during gynecological exams;

c. Failing to adequately train, manage, and oversee staff or employees regarding conducting gynecological exams on inmates;

d. Failure to follow the policies and procedures in place for the adequate supervision during gynecological exams of inmates; and

e. Additional acts of negligence not yet discovered.

75. As a direct and proximate result of one or more of all Defendants' negligent acts described herein Plaintiff was seriously injured, suffered pain and mental anguish therefrom, incurred medical and related expenses in the treatment of her injuries, sustained physical injury and impairment, and suffered shame, humiliation, and the inability to lead a normal life. These damages are permanent or continuing in their nature and Plaintiff will continue to sustain these damages in the future.

76. Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 – 75 above.

77. This cause of action is brought for damages arising from negligent infliction of emotional distress attributable to all Defendant's actions to isolate Plaintiff in solitary confinement while positive with COVID-19, negligent supervision of Defendant, Dr. Greene, and sexual assault by Defendant, Dr. Greene.

78. Defendant USA had an affirmative duty to provide medical care and treatment to inmates, supervise staff or personnel with access to inmates and maintain a safe and secure environment, and to protect inmates from sexual assaults by those authorized to have access to inmates.

79. Defendant breached its duty because it negligently did the following:

a. Failing to monitor or supervise Dr. Robert Greene while he conducted gynecological exams outside the presence of another female nurse or staffer;

b. Failing to establish adequate policies and procedures for the safety and supervision of inmates during gynecological exams;

c. Failing to adequately train, manage, and oversee staff or employees regarding conducting gynecological exams on inmates;

d. Failure to follow the policies and procedures in place for the adequate supervision during gynecological exams of inmates; and

e. Additional acts of negligence not yet discovered.

80. All Defendants knew, or should have known, that severe emotional distress to

Plaintiff would follow from its conduct and Defendants acted with negligent disregard of the consequences which most certainly would ensue from their actions, and with complete indifference to the rights of the Plaintiff for the severe emotional distress that Defendant could foresee such conduct was substantially certain to cause the Plaintiff.

81. As a direct and proximate result of the negligent conduct of all Defendants, Plaintiff has suffered serious and severe extreme emotional distress and related physical and physiological injuries for which he claims as damages against all Defendants.

82. The various acts of omission and commission by Defendants described above constitute the negligent infliction of emotional distress.

**COUNT VI**
**Negligent Infliction of Emotional Distress**
**Against Defendant, USA**

83. Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 – 82 above.

84. This cause of action is brought for damages arising from negligent infliction of emotional distress attributable to Defendant, Dr. Greene's sexual assault of the Plaintiff while conducting a routine gynecological exam.

85. Defendant, Dr. Greene had an affirmative duty to provide medical care and treatment to inmates including but not limited to Plaintiff and uphold the sacred relationship between physician and patient.

86. Defendant, Dr. Greene breached his duty because he negligently did the following:

a. Sexually assaulting Plaintiff;

b. Failing to establish adequate policies and procedures for the safety and supervision of inmates during gynecological exams;

13

c. Failure to follow the policies and procedures in place for the adequate supervision during gynecological exams of inmates; and

d. Additional acts of negligence not yet discovered.

87. Defendant, Dr. Greene knew, or should have known, that severe emotional distress to Plaintiff would follow from his conduct and Defendant, Dr. Greene acted with negligent disregard of the consequences which most certainly would ensue from their actions, and with complete indifference to the rights of the Plaintiff for the severe emotional distress that Defendant, Dr. Greene could foresee such conduct was substantially certain to cause the Plaintiff.

88. As a direct and proximate result of the negligent conduct of Defendant, Dr. Greene, Plaintiff has suffered serious and severe extreme emotional distress and related physical and physiological injuries for which he claims as damages against Defendant, Dr. Greene.

89. The various acts of omission and commission by Defendant, Dr. Greene described above constitute the negligent infliction of emotional distress.

90. Defendant USA is vicariously liable for Dr. Greene's negligence under FTCA.

**COUNT VII**
**Intention or Reckless Infliction of Emotional Distress**
**Against Defendant, USA, for Actions of Dr. Greene**

90. Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 – 89 above.

91. This cause of action is brought for damages arising from intentional or reckless infliction of emotional distress attributable to Defendant, Dr. Greene's sexual assault of the Plaintiff while conducting a routine gynecological exam, for which USA is liable.

92. Defendant, Dr. Greene has intentionally or recklessly engaged in outrageous conduct because it did the following:

a. Sexually assaulted Plaintiff;

b. Failing to establish adequate policies and procedures for the safety and supervision of inmates during gynecological exams;

c. Failure to follow the policies and procedures in place for the adequate supervision during gynecological exams of inmates; and

d. Additional acts of negligence not yet discovered.

93. Defendant, Dr. Green's conduct was malicious and/or intentional or reckless and/or grossly negligent. Defendant, Dr. Greene's conduct demonstrates an entire want of care or attention to duty and great indifference to Plaintiff and involved willful and wanton misconduct. Defendant, Dr. Greene's conduct is outrageous and goes beyond all bounds of decency in a civilized society.

94. Defendant, Dr. Greene knew or should have known that severe emotional distress to Plaintiff would follow from this conduct and Defendant, Dr. Greene acted with reckless disregard for the mental suffering that it could foresee such conduct was substantially certain to cause.

95. Plaintiff has suffered and continues to suffer severe emotional distress.

96. The emotional distress was directly and proximately caused by Defendant, Dr. Greene's conduct.

97. The various acts of omission and commission by Defendant, Dr. Greene described above constitute a claim for the tort of intentional or reckless infliction of emotional distress.

98. The USA is liable under FTCA.

15

## COUNT IX
### Failure to Provide Prompt, Adequate, and Complete Medical Treatment
### Against USA

99.     Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 – 98 above.

100.    On or about the previously stated date, Plaintiff was an inmate housed at FCI Danbury.

101.    It was the duty of all Defendants to provide Plaintiff with prompt, proper and adequate medical care when she presented for treatment.

102.    Defendant, through FCI Danbury's physicians and/or nurses, negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

a.  Failing to properly and adequately diagnose Plaintiff's medical condition;

b.  Failing to properly continue a proper course of treatment for Plaintiff's anxiety;

c.  Failing to adequately and promptly treat Plaintiff's injuries;

d.  Failing to prescribe appropriate medication and therapy to Plaintiff;

e.  Failing to provide adequate counseling to Plaintiff;

f.  Failing to evaluate Plaintiff's mental condition and/or status following the sexual assault;

g.  Failing to schedule Plaintiff with appropriate medical care and treatment;

h.  Failing to refer Plaintiff promptly for medical evaluation, including appropriate diagnostic tests or procedures;

i.  Failing to provide Plaintiff with prompt, full and complete medical care and treatment;

16

j. Failing to promptly arrange and pay for required medical care and treatment when such medical care was medically necessary and directly related to the serious illness/injury Plaintiff sustained while an inmate at FCI Danbury;

k. Failing to involve appropriate medical experts in Plaintiff's medical care and treatment; and

l. Failing to take Plaintiff's sexual assault seriously and making light of the situation.

103. As a direct and proximate result of Defendant's failure to provide Plaintiff with prompt, adequate, and complete medical care, Plaintiff sustained additional illness/injuries, prolonged and delayed recovery, additional pain and suffering, mental anguish, depression disability, lost wages, and loss of earning capability.

104. Defendant, Dr. Greene, is expected to provide medical care to inmates at FCI Danbury. Inmates do not have the opportunity to choose their medical providers.

## **DEMAND FOR JURY TRIAL**

Plaintiff Kristie Masucci demands a trial by jury of all issues triable as a matter of right to a jury against the individual defendants.

## **PRAYER FOR RELIEF**

Wherefore Plaintiff claims the following:

1. Money damages;

2. Costs;

3. Punitive damages, attorneys fees and expert witness fees;

4. Such other relief as the Court deems just, fair and equitable.

Dated: Dec. 4, 2023

Respectfully submitted,

Plaintiff

By: /s/Alexander T. Taubes
470 James St., Ste 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com
ct30100

*Her Attorney*