**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

CASE NO.: 3:23-cv-00623-VDO

KRISTIE MASUCCI,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendants.

_____/          December 2, 2024

## AMENDED COMPLAINT

Plaintiff, Kristie Masucci, by and through undersigned counsel, sues the United States of America, and alleges the following:

### JURISDICTION

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendants acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

2. This Court further has jurisdiction over these claims pursuant to the Eighth Amendment to the United States Constitution, and is brought under the authority of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and *Estelle v.*

*Gamble*, 429 U.S. 97 (1976), for the deliberate indifference to Plaintiff's serious medical needs, and cruel and unusual terms of Plaintiff's confinement during the COVID-19 pandemic.

3.      Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, et. seq.

4.      Pursuant to the FTCA, 28 U.S.C. § 2671, et. seq., on or about May 24, 2022, Plaintiff presented her claim to the appropriate federal agency for administrative settlement requesting $5,000,000.00 or more. On or about November 24, 2022, the appropriate federal agency needed to respond to Plaintiff's claim by either offering to settle or formally denying the claim. The appropriate federal agency has yet to respond to Plaintiff's claim and the period to respond has expired. This lawsuit was then timely filed.

5.      This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of the expiration date by when the federal agency must have responded to Plaintiff's claim.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

7.      At all times material hereto, Plaintiff, Kristie Masucci, was an inmate in the custody of the Federal Bureau of Prisons ("BOP"), an agency of the Defendant, United States of America ("USA").

8.      At all times material hereto, Plaintiff was an inmate in the custody of the BOP and was assigned to the United States Penitentiary Federal Correction Institution Danbury ("FCI

Danbury"), located in Danbury, Connecticut, a correctional facility owned and operated by Defendant, USA.

9. At all times material hereto, FCI Danbury housed both male and female inmates.

10. Defendant, USA, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, USA, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

11. At all times material hereto, Defendant, USA was responsible for the correct and prompt response to the health care needs of inmates in its custody.

12. At all times material hereto, Plaintiff was an inmate subject to the custody and control of the Defendant, USA and subject to the care and treatment of the Defendant, USA for any and all medical evaluation and treatment.

13. At all times material hereto, if Plaintiff required medical evaluation or treatment, her only avenue was to rely on the medical evaluation and treatment provided by the Defendant, USA.

**FACTS**

14. This is an action for damages.

15. At all times material hereto, Defendants, personally or through an agent owned, managed, maintained, and/or controlled FCI Danbury, and employed and controlled corrections officers, staff members, and medical providers at FCI Danbury.

16. Plaintiff has served and completed her 24-month term of imprisonment under the jurisdiction of the BOP as a result of her conviction on a charge of Conspiracy to Commit Healthcare Fraud.

17.     Plaintiff began her term of imprisonment on January 2, 2020 and was released from prison on September 14, 2021.

**Plaintiff's Pre-Incarceration Mental Health Condition**

18.     Plaintiff suffers from a recognized and diagnosed psychological disease of anxiety for which she receives medication. Plaintiff had been diagnosed with anxiety before she began her term of incarceration.

19.     Plaintiff has been under the care of highly qualified and credentialed psychiatrists her entire adult life.

20.     The conditions at FCI Danbury described below exacerbated Plaintiff's anxiety.

**COVID-19 Conditions and Lack of Precautions**

21.     On April 3, 2020, U.S. Attorney General William Barr issued a Memorandum ordering the administration at FCI Danbury to release inmates to home confinement.

22.     On May 12, 2020, U.S. District Judge Michael Shae issued an order requiring FCI Danbury administration to identify medically vulnerable inmates which may be released to home confinement. *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411 (D. Conn. 2020).

23.     Had FCI Danbury diligently complied with this order, Plaintiff would have been identified as an at-risk inmate eligible for home confinement. However, by June 3, 2020, no precautions were taken to protect Plaintiff whatsoever.

24.     During this time, FCI Danbury failed to have adequate measures in place to properly isolate, treat inmates testing positive for COVID-19 and/or exhibiting symptoms, and failed to protect inmates from the perils of the COVID-19 virus.

25.     FCI Danbury failed to identify Plaintiff as an at-risk inmate which placed her at a higher risk of contracting COVID-19.

26.     FCI Danbury's layout is organized in a way that created an urgent need for social distancing which remained unaddressed at the time Plaintiff contracted COVID-19.

27.     At all times material hereto, FCI Danbury was the site of one of the worst COVID-19 outbreaks at BOP facilities.

28.     FCI Danbury failed to enact adequate emergency plans during the COVID-19 pandemic and left Plaintiff exposed to infection, severe illness, and death due to COVID-19. The conditions of confinement were such that inmates could not practice social distancing. During this time, FCI Danbury was reaching its capacity for housing inmates.

29.     On or about June 3, 2020, the medical staff at FCI Danbury advised Plaintiff she was positive for COVID-19.

30.     Following her COVID-19 diagnosis, FCI Danbury transported Plaintiff to the men's detention facility.

31.     FCI Danbury housed Plaintiff in solitary confinement beginning on June 3, 2020, through June 20, 2020.

32.     Inmates, including Plaintiff, were forced into unconstitutionally dangerous conditions, and were forced to remain in isolation as a result of poor planning on the part of FCI Danbury.

33.     Instead of being released pursuant to AG Barr's Memorandum and Judge Shea's order, she was detained subjected to dire conditions by being forced into solitary confinement for two (2) weeks.

34.     During this confinement, Plaintiff was not seen by a doctor, no one took her temperature, suffered freezing temperatures, and was not permitted to shower for two (2) weeks, among a number of unconstitutionally dangerous conditions. FCI Danbury also refused to give

Plaintiff her anxiety medication while Plaintiff was isolated.

35. During her isolation, Plaintiff was prohibited from contacting her friends or family.

36. All conditions precedent have been satisfied or waived.

## COUNT I
### Negligence
### (United States of America)

37. Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 – 36 above.

38. At all times relevant hereto, Defendant USA is liable for their own negligent acts and are vicariously liable for the negligent acts of its Board of Directors, officers, agents, members, homeowners, apparent agents, employees or servants, acting within the course and scope of their service, office, agency, apparent agency, employment or servitude including, but not limited to, all administrators, security officers, and corrections officers.

39. At all times relevant hereto, Defendant USA owed Plaintiff the duty to maintain FCI Danbury in a reasonably safe condition, implement security measures that would protect Plaintiff, follow COVID-19 administrative guidance and precautions,

40. Notwithstanding these duties owed, Defendant USA breached or failed to perform these duties owed under circumstances which were known or reasonably should have been known to likely result in injury to residents including, but not limited to Plaintiff, by:

    a. Failing to maintain FCI Danbury in a reasonably safe condition;

    b. Failing to follow COVID-19 protocols;

    c. Forcing Plaintiff into solitary confinement for two weeks without medical treatment;

    d. Refusing to give Plaintiff her prescribed anxiety medication;

41.     As the direct and proximate result of Defendants' and their employees' negligence, Plaintiff has suffered pain, mental anguish, bodily injury, and permanent disability, and will continue to suffer pain, mental anguish, bodily injury, and permanent disability in the future, and Defendant USA is therefore liable to Plaintiff under FTCA.

**COUNT II**
**Failure to Provide Prompt, Adequate, and Complete Medical Treatment**
**Against USA**

90.     Plaintiff re-alleges and incorporates each and every allegation set forth in paragraphs 1 – 41 above.

91.     On or about the previously stated date, Plaintiff was an inmate housed at FCI Danbury.

92.     It was the duty of all Defendants to provide Plaintiff with prompt, proper and adequate medical care when she presented for treatment.

93.     Defendant, through FCI Danbury's physicians and/or nurses, negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

a.  Failing to properly and adequately diagnose Plaintiff's medical condition;

b.  Failing to properly continue a proper course of treatment for Plaintiff's anxiety;

c.  Failing to adequately and promptly treat Plaintiff's injuries;

d.  Failing to prescribe appropriate medication and therapy to Plaintiff;

e.  Failing to provide adequate counseling to Plaintiff;

f.  Failing to schedule Plaintiff with appropriate medical care and treatment;

g.  Failing to refer Plaintiff promptly for medical evaluation, including appropriate diagnostic tests or procedures;

h.  Failing to provide Plaintiff with prompt, full and complete medical care and treatment;

i.  Failing to promptly arrange and pay for required medical care and treatment when such medical care was medically necessary and directly related to the serious illness/injury Plaintiff sustained while an inmate at FCI Danbury;

j.  Failing to involve appropriate medical experts in Plaintiff's medical care and treatment; and

94. As a direct and proximate result of Defendant's failure to provide Plaintiff with prompt, adequate, and complete medical care, Plaintiff sustained additional illness/injuries, prolonged and delayed recovery, additional pain and suffering, mental anguish, depression disability, lost wages, and loss of earning capability.

## PRAYER FOR RELIEF

Wherefore Plaintiff claims the following:

1.  Money damages;

2.  Costs;

3.  Punitive damages, attorneys fees and expert witness fees;

4.  Such other relief as the Court deems just, fair and equitable.

Respectfully submitted,

Plaintiff

By: /s/Alexander T. Taubes
470 James St., Ste 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com
ct30100

*Her Attorney*